UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHANE VICTOR EDSTROM,

Petitioner,

v.

UNLAWFUL CAPTORS, MINNESOTA DEPARTMENT OF CORRECTIONS, ETL. ALL RELATED,

Respondents.

Civil No. 01-1104 (PAM/FLN)

**ORDER**

Petitioner, a prisoner at the Minnesota Correctional Facility in Stillwater, Minnesota, ("MCF-STW"), commenced this action by filing a self-styled pleading entitled "Petition For Writ Of Habeas Corpus – Faciendum Et Recipiendum Ad Testificandium Pursuant To U.S. Const. Art. 1 § 9 Clause 2." (Docket No. 1.) His petition was accompanied by the $5 fee that is required by 28 U.S.C. § 1914(a) for habeas corpus actions. The matter has been referred the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Petitioner is "challenging the constitutionality of the Minnesota Department of Corrections['] policies, procedures and actions of searching petitioner's body and seizing his Blood (Organ), and then further selling said organ - blood, to another state agency, [namely the Minnesota Bureau of Criminal Apprehension]." (Petition, p. 1, ¶ 4.)

Although Petitioner has attempted to bring his claims in a habeas corpus action, habeas corpus is not an appropriate remedy for the claims he is trying to assert. Federal habeas corpus relief is available only for prisoners who are challenging the fact

JUN 2 8 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

or duration of their confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly and succinctly explained –

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

In this case, Petitioner is claiming that certain employees of the Minnesota Department of Corrections violated his federal constitutional rights, by taking a blood sample from him pursuant to Minn. Stat. § 609.117 subd. 2.[1] Petitioner is not challenging

---

[1] Minn.Stat. § 609.117 subd. 2 requires the Commissioner of Corrections to obtain DNA specimens from persons convicted of first degree assault. The statute provides as follows:

> "The commissioner of corrections or local corrections authority shall order a person to provide a biological specimen for the purpose of DNA analysis before completion of the person's term of imprisonment when the person has not provided a biological specimen for the purpose of DNA analysis and the person:
>
> (1) was convicted of violating or attempting to violate any of the following or initially charged with violating one of the following sections and convicted of another offense arising out of the same set of circumstances:...
>
> (iii) assault under section 609.221..."

Petitioner was convicted of first degree assault several years ago. See State v.

the validity of his criminal conviction or the sentence imposed as a result of his conviction; nor is he otherwise challenging the duration of his incarceration. Instead, he is only challenging certain actions taken against him by those responsible for enforcing his sentence. In short, Petitioner is challenging the conditions of his confinement, not the fact or duration of his confinement. Therefore, according to Kruger, a writ of habeas corpus is simply not available here.[2]

This is not to say, however, that there are no legal remedies of any kind for the claims that Petitioner is attempting to assert. If he believes that his rights under federal law or the Constitution have been violated, he may be able to seek relief in a traditional civil action -- i.e., a non-habeas action. He might be able to bring claims under 42 U.S.C. § 1983 against any person who has allegedly violated his federal constitutional rights.

Under certain circumstances, it might even be possible to construe a habeas corpus petition as a civil complaint seeking some other (non-habeas) form of relief. See e.g., Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991). It would not be appropriate to attempt to do that here, however, for two reasons.

First, Petitioner has not paid the proper filing fee for a non-habeas civil action. While the filing fee for a habeas corpus action is only $5, the filing fee for a non-habeas civil action is $150. 28 U.S.C. § 1914(a). Because Petitioner has paid only the $5 fee for a habeas action, he still owes $145 if he wants to pursue a non-habeas civil

---

Edstrom, No. C7-97-2286 (Minn.App. 1998), 1998 WL 727349 (unpublished op.).

[2] Coincidently, the prisoner in Kruger was attempting to raise essentially the same claims that Petitioner is attempting to raise here. The Court of Appeals made it clear that such claims cannot be brought in a habeas corpus petition.

action. Petitioner cannot be excused from paying the proper filing fee, merely by calling his pleading a habeas corpus petition, rather than a civil complaint.[3] Petitioner may be able to avoid pre-paying the entire $145 balance of his filing fee, if he applies for, and is granted, leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. Even if he is granted IFP status, however, he will still have to satisfy the initial partial filing fee requirements prescribed by § 1915(b)(1), and he will ultimately have to pay the full remaining balance in installments pursuant to § 1915(b)(2).

Furthermore, it is not clear that the respondent named in the caption of Petitioner's current petition, (i.e., "Unlawful captors, Minnesota Department of Corrections, etl. [sic] all related"), would necessarily be the proper defendant in any non-habeas action that he might attempt to maintain. In fact, the only identifiable party named in the caption of the petition is the Minnesota Department of Corrections, and that party is probably immune from suit under the Eleventh Amendment, because it is a state agency.

Because Petitioner's current submissions do not clearly indicate the nature of any civil (non-habeas) claims that he might be attempting to bring, or who allegedly should be liable with regard to such claims, it would not be appropriate to attempt to "convert" Petitioner's current submissions into a non-habeas civil complaint. Instead, the petition will be returned to Petitioner pursuant to Rule 2(e) of the Rules Governing Section

---

[3] To rule otherwise would allow prisoner litigants to avoid paying the full $150 filing fee in all non-habeas civil actions. A prisoner could simply label his pleading as a habeas corpus petition, file the action without paying the $150 filing fee, and then wait for the Court to construe the "petition" as a civil complaint. The filing fee requirements prescribed by Congress cannot be so easily circumvented.

2254 Cases In The United States District Court,[4] and Petitioner will be granted leave to file an entirely new pleading to be entitled "Civil Complaint." If he elects to file such a complaint, he will have to follow the pleading requirements set forth at Fed. R. Civ. P. Rules 8-11. In addition, if Petitioner attempts to bring a civil rights action, (i.e., a § 1983 action), he will have to submit his pleading on the complaint form prescribed for prisoner civil rights actions filed in this District. See Local Rule 9.3.[5]

As previously noted, Petitioner also will be required to pay the balance of the statutory filing fee due for a non-habeas civil action, (namely $145), or else seek leave to proceed IFP. If he decides to apply for IFP status, he will have to (a) properly complete the IFP application form prescribed for use in this District, (including the "Certificate" section), and (b) tender the proper amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1).

If Petitioner elects to proceed with this action, he must satisfy the foregoing requirements by no later than July 20, 2001. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Finally, Petitioner should note that if he does elect to pursue his current claims by filing a new complaint, his new pleading will be subject to preliminary screening

---

[4] Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to other post-conviction proceedings as well. See Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

[5] The prescribed form is available from the Clerk's Office upon request.

to determine whether it states a cause of action on which relief may be granted. See 28 U.S.C. § 1915A. The Court cannot predict what Petitioner may plead in any new complaint he may file, or what might happen to any such complaint during the preliminary screening process; however, Petitioner should note that Minnesota's mandatory DNA sample laws have survived prior constitutional challenges. Kruger v. Erickson, 875 F.Supp. 583 (D.Minn. 1995), aff'd on other grounds, 77 F.3d 1071 (8th Cir. 1996); Holscher v. Pung, No. 4-93-18 (D.Minn. 1993), aff'd sub nom. Holscher v. Erickson, No. 93-4135 (8th Cir. 1994), 1994 WL 464360 (unpublished opinion); State v. McBride, No. C7-98-1374 (Minn.App. 1999), 1999 WL 185175 (unpublished opinion). Petitioner should carefully consider whether, given the existing case law, his claims can survive preliminary screening.

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original habeas corpus petition (Docket No. 1) to Petitioner, and retain a copy of such petition in the Court file as required by Rule 2(e);

2. Petitioner is granted leave to file a new pleading in this action, to be entitled "Civil Complaint," which shall comply with the pleading requirements prescribed at Fed. R. Civ. P. Rules 8-11 and Local Rule 9.3.

3. If Petitioner elects to file a Civil Complaint in this action, his new pleading must be accompanied by either (a) the unpaid balance of the filing fee for bringing a civil

action in federal court -- namely $145, or (b) a properly completed application for leave to proceed in forma pauperis, together with the initial partial filing fee prescribed by 28 U.S.C. § 1915(b)(1); and

4. If Petitioner has not complied with all of the requirements of this order by July 20, 2001, it will thereafter be recommended that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: June 28, 2001

Franklin L. Noel

FRANKLIN L. NOEL
Chief Magistrate Judge