UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shane Victor Edstrom, Civ. File No. 01-1104 (PAM/FLN)

Petitioner,

v.

David Crist, et al.,

Respondents.

---------------------------------------------------- **ORDER**

Shane Victor Edstrom, Civ. File No. 01-1280 (PAM/JGL)

Petitioner,

v.

Connie Roehrich, et al.,

Respondents.

---

This matter is before the Court on Petitioner Shane Victor Edstrom's Application to Proceed In Forma Pauperis on Appeal in both of the above-captioned cases. The Eighth Circuit has recently explicitly held that the filing fee requirements of the Prisoner Litigation Reform Act, 28 U.S.C. § 1915, do not apply to habeas corpus actions. Malave v. Hedrick, 2001 WL 1355593 (8th Cir. Nov. 6, 2001). Because Petitioner characterizes both of his actions as habeas actions, the Court need only determine whether Petitioner is entitled to in forma pauperis status. Based on his application, it appears that Petitioner is entitled to such status.

JAN 15 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

However, Petitioner has failed to comply with the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, which provides that a petitioner's appeal of a final order in a § 2254 action may not proceed unless a district or circuit judge issues a Certificate of Appealability. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). To expedite the appellate consideration of Petitioner's claims, the Court will construe Petitioner's Notices of Appeal in these cases as requests for Certificates of Appealability.

In order for a Certificate of Appealability to issue, a movant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citing Gordon v. Willis, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). Petitioner need not show that he should prevail on the merits, but rather that the issues are "debatable among jurists of reason" and that a court could resolve the issues differently. Barefoot, 463 U.S. at 893 n.4. If a court grants a Certificate of Appealability it must indicate which specific issue or issues satisfy the requisite showing. See 28 U.S.C. § 2253(c)(3); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Petitioner has not specified the grounds on which he bases his appeals. Thus, it is difficult for the Court to determine what specific issue or issues might satisfy the showing required by the statute. However, giving Petitioner the benefit of the doubt, the Court will allow Petitioner to proceed to appeal all of the issues decided by the Magistrate Judges and affirmed by this Court in his two cases.

Petitioner is entitled to in forma pauperis status on appeal. Thus, he is not required

to pay an appellate filing fee. In addition, construing Petitioner's Notices of Appeal as requests for Certificates of Appealability, the Court grants the Certificates.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed Without Prepayment of Fees (Clerk Doc. No. 12) is **GRANTED**; and

2. Petitioner may appeal this Court's denial of his applications for writs of habeas corpus in case numbers 01-1104 and 01-1280.

Dated: January 15, 2002

Paul A. Magnuson
United States District Court Judge